IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID A. STEBBINS,                                                                                          PLAINTIFF

v.                                          4:15CV00436-JLH-JJV

JIMM HANNAH; *et al.*                                                                                    DEFENDANTS

**ORDER**

This matter has been referred to me for disposition of pretrial motions, screening under 28 U.S.C. § 1915(e)(2)(B), and determination of whether this Court ought to follow the Western District's precedent in determining whether to grant Mr. Stebbins's motion to proceed in *forma pauperis*. (Doc. No. 5.) Mr. Stebbins is no stranger to litigation. For example, he has filed three previous cases[1] in this district, each of which was dismissed for failure to state an actionable claim. In the Western District, Mr. Stebbins has filed eighteen cases - several of which were dismissed for failure to state a claim.[2] He filed a frivolous law suit against Google, Inc., in the Northern District of California[3] and a frivolous lawsuit against Microsoft, Inc. in the Western District of Washington - a case he appealed to the United States Court of Appeals for the Ninth Circuit and sought a petition for writ of certiorari with the United States Supreme Court.[4] In the Northern District of Texas, his filings brought a warning from the court that he would be sanctioned should he continue to file

---

[1] Those cases are: *Stebbins v. Steen, et al.*, 4:12-CV-00704-KGB; *Stebbins v. Arkansas, State of, et al.*, 4:14-CV-00227-KGB; *Stebbins v. Gay, et al.*, 4:15-CV-00332-BSM.

[2] *E.g.*, *Stebbins v. Hannah, et al.*, 3:11-CV-03058-PKH; *Stebbins v. Kirkpatrick*, 3:11-CV-03042-PKH; *Stebbins v. Stebbins, et al.*, 3:12-CV-03130-PKH; and *Stebbins v. Bradford, et al.*, 3:12-CV-03131-PKH.

[3] *Stebbins v. Google, Inc.*, 2011 WL 5150879 (N.D. Cal. Oct. 27, 2011).

[4] *Stebbins v. Microsoft*, 2013 WL 2350467.

frivolous cases.[5]

Given Mr. Stebbins's extensive history of frivolous claims and repeated requests to proceed *in forma pauperis,* Chief District Judge P. K. Holmes, III, concluded that it was appropriate to require Plaintiff to post a one hundred dollar ($100) bond prior to proceeding with any civil suit in the Western District of Arkansas. *See Stebbins v. Stebbins, et al.*, 3:12-CV-03130-PKH, Doc. No. 10 at 6. This restriction provides that if Plaintiff's claims proceed past initial screening, the bond will be returned to him at the conclusion of the case. *Id*. Otherwise it is to be retained as a portion of the filing fee. *Id*.

Given these facts, I conclude that the same approach should be implemented in this district. *See Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."). And given the May 1, 2013, increase in filing fees by the Judicial Conference of the United States, I believe it appropriate to increase the bond amount to two hundred dollars ($200). In making this determination, I note that Plaintiff has sued several of the named Defendants before.[6]

Additionally, Plaintiff has filed two lengthy pleadings which, he contends, should be read jointly. (Doc. No. 3 at 1.)[7] This approach is unnecessarily confusing. I recommend that, if this action is to proceed, Plaintiff must file a single amended complaint which contains all of his claims. He is also reminded that any complaint should be limited to "a short and plain statement of the claim

---

[5]*Stebbins, et. al. v. Texas, et. al.*, 2011 WL6130403 (October 24, 2011).

[6]*Stebbins v. Hannah, et al.*, 3:11-CV-03058-PKH; *Stebbins v. Gay, et al.*, 4:15-CV-00332-BSM; Stebbins v. Gay, et al., 4:15-CV-00332-BSM; *Stebbins v. Stebbins*, et al., 3:12-CV-03130-PKH; *Stebbins v. Bradford, et al.*, 3:12-CV-03131-PKH.

[7]Specifically, he states in his Amended Complaint that "Plaintiff will attempt to repeat everything in his original complaint, but to the extent he does not, the contents of the original complaint are incorporated by reference." (*Id*.)

showing that the pleader is entitled to relief" as dictated by Rule 8(a)(2) of the Federal Rules of Civil Procedure.

IT IS, THEREFORE, ORDERED that:

1. Within twenty-one (21) days, Plaintiff shall post a two hundred dollar ($200) bond prior to proceeding with this action. If his claims survive mandated screening, the bond should be returned to him at the conclusion of the case. If they do not, the bond will be retained and put toward the statutory filing fee. Failure to timely post the required bond action may result in this cause of action being dismissed without prejudice.

2. Within thirty (30) days, Plaintiff shall submit a single complaint which contains all of his claims against each of the defendants he intends to sue. Failure to timely file a timely amended complaint may result in this cause of action being dismissed without prejudice.

Dated this 5th day of August, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE