2015 AUG -7

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**DAVID A. STEBBINS**                                                                    **PLAINTIFF**

**VS**                                  **CASE NO. 4:15CV0436 JLH**

**JIMM HANNAH, DONNA GAY, STATE OF**
**ARKANSAS, ARKANSAS ADMINISTRATIVE**
**OFFICE OF THE COURTS, RUSSELL ROGERS,**                          **DEFENDANTS**
**DAVID D. STEBBINS, JAMES GOLDIE, KRISTIE**
**WILLIAMS, AND GORDON WEBB**



FILED
EASTERN U.S. DISTRICT COURT
DISTRICT ARKANSAS
AUG 07 2015
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
## AND FOR JOINDER OF PARTIES

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion

for Leave to File a Second Amended Complaint and for Brad Karren to be joined as a party in

the above-styled action.

1.      Please find, attached to this Motion, **Exhibit A**, a copy of the Amended Complaint and

Joinder of Parties that Plaintiff wishes to file if this Motion is granted.

2.      Plaintiff only has the right to amend his Complaint, as a matter of course, once per case.

See Fed.R.Civ.P. 15(a). "In all other cases, a party may amend its pleading only with the

opposing party's written consent or the court's leave. The court should freely give leave when

justice so requires." See FRCP 15(a)(2).

3.      The second sentence of that rule - "The court should freely give leave when justice so

requires" - is governed, in part, by the precedent of *Foman v. Davis*, 371 US 178 (1962):

> "If the underlying facts or circumstances relied upon by a plaintiff may be a
> proper subject of relief, he ought to be afforded an opportunity to test his claim on
> the merits. In the absence of any apparent or declared reason—such as undue
> delay, bad faith or dilatory motive on the part of the movant, repeated failure to
> cure deficiencies by amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment, futility of amendment,

etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

4.    The contents of this Second Amended Complaint is important because A) it shows the most recent stage by the State of Arkansas in its comprehensive campaign to get Plaintiff to stop using the courts to peacefully resolve his disputes, and B) it provides yet another injury for Plaintiff to recover from.

5.    Also, Plaintiff provides additional arguments of the precedent of *Tennessee v. Lane* (which has already been cited as binding precedent in this case) to assist the Court in understanding that neither 11th Amendment, nor judicial, immunity protects the Defendants in this case. Plaintiff intended to provide this explanation before, but he now admits, now that he has the benefits of hindsight, that he could have been a bit clearer.

6.    Wherefore, premises considered, Plaintiff respectfully prays that his requested relief be granted. So requested on this, the 5th day of August, 2015.

David Stebbins
123 W. Ridge
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com