# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                           PLAINTIFF

VS                          CASE NO. 4:15CV0436 JLH

JIMM HANNAH, DONNA GAY, STATE OF
ARKANSAS, ARKANSAS ADMINISTRATIVE
OFFICE OF THE COURTS, RUSSELL ROGERS,            DEFENDANTS
DAVID D. STEBBINS, JAMES GOLDIE, KRISTIE
WILLIAMS, AND BRAD KARREN

## MOTION FOR EXTENSION OF TIME AND
## FOR LEAVE TO PAY BOND IN INSTALLMENTS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Extension of Time to Post Bond. He also moves for leave to pay the bond (or, alternatively, the filing fee) in installments.

### Motion for Extension of Time

1.      Plaintiff was advised, by one of Volpe's personal staff, that

2.      The Little Rock Post Office is atrocious. Any mail that goes through there – at least first class mail – will often be stalled by mind-boggling amounts of bureaucratic inefficiency.

3.      Here are just a few examples of the sort of delay Plaintiff has experienced in dealing with the Little Rock Post Office:

(a)     Plaintiff tried to submit a complaint to the Arkansas Committee on Professional Conduct, complaining about James E. Goldie's ex parte communications (as discussed in ¶¶ 40-46 of Plaintiff's Amended Complaint, Doc. 3 in this case), and asking the Committee to sanction him for violating Rule 3.5 of the Rules of Professional Conduct. Two weeks later, Plaintiff got a letter from the Arkansas Bar Association, saying that the complaint was sent

them instead (Remember: This is TWO WEEKS after Plaintiff mailed it), even though the envelope (which Plaintiff also received back) clearly listed "2100 Riverfront Dr., Suite 200," as the mailing address! The Little Rock Post Office delivered to the wrong address, even when the correct address was given on the envelope!

(b) Early in July, Plaintiff was told by the Clerk that they had not yet received the Complaint in this case. On July 11, 2015, Plaintiff sent a replacement complaint. On July 17, 2015, the Clerk's office received this replacement complaint (six whole days after Plaintiff mailed it), but by that time, they had already received and filed the original complaint in this case (the one that appears as Doc. 2 in this case). So they sent the replacement complaint back to Plaintiff, with a cover letter (dated July 17, 2015) saying that it was a duplicate of first one. Despite being mailed on July 17, 2015, Plaintiff did not receive it until July 23, 2015.

4. It is, as of the time of this writing, August 7, 2015, and Plaintiff has still not received the order from Volpe that his staff told him about. Plaintiff will likely not get it until a few days before the 21-day time limit has expired.

5. Plaintiff would like for the Court to order that Plaintiff be re-sent a copy of the order, this time with a tracking number. The 21 day time limit should begin when Plaintiff receives the order.

## Motion for Leave to Pay Bond in Installments

6. Magistrate Judge Volpe has ordered that Plaintiff post a $200 bond (presumably refundable) along with this case.

7. There is no way Plaintiff can pay that, all at once, and still be able to buy food for the rest of the month. Even if Plaintiff got a job, right now, he would still have to go hungry for a few

weeks while he awaits his first paycheck.

8. Plaintiff asks the Court for permission to pay in installments.

    9. Plaintiff could post an initial bond of $50. This would provide Plaintiff with a financial incentive to not file a Complaint that is patently frivolous on its face. Then, he could provide six additional monthly installments of $25 each.

10. Plaintiff's current plight is governed, in part, by the precedent of *In re Tyler*, 839 F. 2d 1290, 1294 (8th Cir. 1988).

> "Mr. Tyler has no money. The records of this court contain documentation submitted by both Mr. Tyler and the appropriate official from the Nebraska State Penitentiary, disclosing that his prison trust account is for all practical purposes non-existent as a source of funds for him to pay any fee for filing cases in this court or elsewhere. Thus, it can be concluded that if he were to be prohibited from proceeding in forma pauperis in any case, his access to this court would be totally denied. In accordance with Green v. White, supra, we reject this alternative as too strict a sanction to impose upon Mr. Tyler at this time. His lack of funds, however, also precludes the typical sanctions available to the courts for imposition upon other abusive litigants, such as those permitted by Rule 11, Fed.R.Civ.P. imposing costs and attorneys fees upon such parties."

11. Remember, Magistrate Judge Volpe was ordered by the District Judge to follow the Western District. The Court can take judicial notice that P.K. Holmes agreed to reduce the refundable bond to $50 to allow Plaintiff money for food.

12. Please accommodate Plaintiff's budget when demanding this bond. Thank you.

### Conclusion

13. Wherefore, premises considered, Plaintiff requests that the aforementioned relief be granted. So requested on this, the 7th day of August, 2015.

*[signature]*

123 W. Ridge St.
ATPD
Harrison, AR 72601
(870) 204 – 6516
stebbinsd@yahoo.com