FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 18 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

Page 1 of 3

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                                PLAINTIFF

VS                              CASE NO. 4:15CV0036 JLH

JIMM HANNAH, DONNA GAY, STATE OF
ARKANSAS, ARKANSAS ADMINISTRATIVE
OFFICE OF THE COURTS, RUSSELL ROGERS,           DEFENDANTS
DAVID D. STEBBINS, JAMES GOLDIE, KRISTIE
WILLIAMS, AND BRAD KARREN

## OBJECTION TO ODRER REQUIRING $200 BOND AND ORDER DENYING MOTION FOR EXTENSION OF TIME AND FOR LEAVE TO PAY THE BOND IN INSTALLMENTS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Objection, pursuant to his rights under Fed.R.Civ.P. 72(a), to Magistrate Juge Volpe's text-only order, entered on August 11, 2015, denying Plaintiff's Motion for Extension of Time and for Leave to Pay Bond in Installments.

1. The Magistrate Judge entered his order requiring payment of the bond before Plaintiff even had a single day to file a brief, telling his side of the story. This already amounts to a violation of Plaintiff's right to be afforded an opportunity to be heard. Attached is **Exhibit A**, a copy of the response Plaintiff would have filed, if he had not already heard that that the Magistrate Judge had already issued his order on the matter. Plaintiff would ask that this Court take the contents of that exhibit under advisement when considering first part of this objection.

2. Plaintiff bit his tongue and tried salvage what he could out of the ordeal. He filed a Motion for Leave to Pay the Bond in Installments, so Plaintiff would still have a financial incentive to not file a lawsuit he knows to lack merit, but he is still not financially barred from court access altogether.

3. Volpe gave no reason for his denial other than "installments defeat intended purpose." He never even said what the "intended purpose" was? Was it to make Plaintiff starve by cutting vital funds he needs for his food?

4. If the "intended purpose" was to deter Plaintiff from filing frivolous lawsuits he knows to lack merit, then it is unclear how installments defeat this purpose. Remember, the Court can take judicial notice that the Western District – who Volpe was ordered to follow – agrees to reduce Plaintiff's bond to $50 for this exact purpose.

5. The Magistrate Judge committed a clear abuse of discretion, here. See *Kern v. TXO Production Corp.*, 738 F. 2d 968, 970 (8th Cir. 1984) ("That is, when we say that a decision is discretionary, or that a district court has discretion to grant or deny a motion, we do not mean that the district court may do whatever pleases it. The phrase means instead that the court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law. An abuse of discretion, on the other hand, can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment").

6. Here, the Magistrate Judge took the matter to a new extreme; he gave the motion no consideration whatsoever. He just said that installments, somehow, defeat whatever "intended purpose" he made the bond for.

7. Plaintiff's plight, in both objections, is governed by the precedent of In re Tyler, 839 F. 2d 1290, 1294 (8th Cir. 1988):

> "Mr. Tyler has no money. The records of this court contain documentation

signed by both Mr. Tyler and the appropriate official from the Nebraska State Penitentiary, disclosing that his prison trust account is for all practical purposes non-existent as a source of funds for him to pay any fee for filing cases in this court or elsewhere. Thus, it can be concluded that if he were to be prohibited from proceeding in forma pauperis in any case, his access to this court would be totally denied. In accordance with Green v. White, supra, we reject this alternative as too strict a sanction to impose upon Mr. Tyler at this time. His lack of funds, however, also precludes the typical sanctions available to the courts for imposition upon other abusive litigants, such as those permitted by Rule 11, Fed.R.Civ.P. imposing costs and attorneys fees upon such parties."

8. Therefore, Plaintiff humbly asks the District Court that it do one of the following:

    (a) Reduce the bond to $50, as they did in the Western District, or, if the Court refuses to do that, then ...

    (b) Allow Plaintiff to pay the bond in installments, so that court access is expensive for Plaintiff, but not entirely unaffordable.

9. Plaintiff is fine with having to pay something. That is just how much he believes that his Complaint has merit. But $200 is just too much!

10. Please issue a response to this, promptly. A same-day response would be ideal, because Plaintiff is running out of time.

11. So requested on this, the 14th day of August, 2015.

                                                            David Stebbins
                                                             123 W. Ridge St
                                                              APT D
                                                             Harrison, AR 72601
                                                             870-204-6516
                                                            stebbinsd@yaoo.com