UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                             PLAINTIFF

VS                    CASE NO. 4:15CV00436 JLH

JIMM HANNAH, DONNA GAY, STATE OF
ARKANSAS, ARKANSAS ADMINISTRATIVE
OFFICE OF THE COURTS, RUSSELL ROGERS,            DEFENDANTS
DAVID D. STEBBINS, JAMES GOLDIE, KRISTIE
WILLIAMS, AND BRAD KARREN



## OBJECTION TO DOC. 12

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following objection to Doc. 12, the Magistrate Judge's Order to post a $200 Bond within 21 days of August 18, 2015.

1.     First and foremost, Plaintiff had already submitted an objection to one of the magistrate judge's orders. The magistrate judge entered an order (Doc. 12), only a few hours after that objection was placed, apparently denying Plaintiff's objection to his previous order. The only problem is ... magistrate judges do NOT have the authority to rule on objections placed to their own orders!

2.     Magistrate Judge Volpe, in entering Doc. 12, acted entirely outside of his jurisdiction, and his order should be nullified just on that alone.

3.     Next, the Magistrate Judge, assuming he has jurisdiction to hear his own objections, still gave absolutely no explanation, whatsoever, as to why being allowed to pay the bond in installments would "defeat the intended purpose," whatever that intended purpose is. He committed a clear abuse of discretion when he failed to take that into consideration. As stated before, one commits an obvious abuse of discretion when he gives matters no consideration whatsoever.

4.   Just as Plaintiff complained about in his original objection, the Magistrate Judge has not even ATTEMPTED to address Plaintiff's concerns about his food allowance, or being allowed to pay in installments, beyond either summarily dismissing the arguments, or ignoring them altogether. This is exactly what Plaintiff was placing his objection for in the first place.

5.   Next, the Magistrate Judge, now finally gives an explanation as to why he believes a $200 bond is reasonable: Because according to Plaintiff's *in forma pauperis* application, he had more than $330 in his bank account.

6.   What the Magistrate Judge chooses to ignore is the *date* it was signed. It may have been received by the Clerk's Office and docketed on Pacer in mid-July (because, as Plaintiff has said before, the Little Rock Post Office is incompetent), but the date and signature at the end of it clearly shows that it was *sent* at the beginning of July (dated June 30, but printed after close of business, so sent on July 1). This means that, although Plaintiff had set aside money for his rent for the month, he still had an entire month to have to buy groceries, toiletries, and cleaning supplies for his home.

7.   Not to mention, Volpe entered that order, not at the beginning of July, but at the beginning of August! Plaintiff has had plenty of time have his money spent on living expenses, including *another* month's rent.

8.   The Court can take judicial notice that $200 per month is a reasonable food allowance, because that is the amount of food stamps that are awarded, here in Arkansas, to a single-person household with 0 income. Plaintiff has some income, but that's beside the point. The point is: Plaintiff needs to be allotted at least $200 per month to feed himself.

9.   Volpe wants Plaintiff to have some "skin in the case." What he chooses to ignore is that … Plaintiff has *offered a compromise* that gives Volpe that, without starving Plaintiff:

Installments over a 6-month period. But Volpe has rejected Plaintiff's plights for no reason, and has usurped the position of "district judge" by ruling on his own objections.

10.     Plaintiff asks that the District Judge (and this time, it be the *District Judge*) issue a timely ruling on ALL of Plaintiff's objections ... not just those it has a counter to. If the District Judge has no counter to one of Plaintiff's objections (such as how the proposed installment plan does not actually "defeat the intended purpose"), then that means that Plaintiff's claim has merit, and he is entitled to relief.

11.     Wherefore, premises considered, Plaintiff respectfully prays that this Objection be sustained, by the presiding *District* Judge, and that Magistrate Judge Volpe be admonished for his usurpation of office. So requested on this, the 24th day of August, 2015.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com