# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

DAVID A. STEBBINS,                                                                                                   PLAINTIFF

v.                                              4:15CV00436-JLH-JJV

JIMM HANNAH; *et al.*                                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.     INTRODUCTION**

Plaintiff David A. Stebbins says, among other things, Defendants violated his rights under the Americans with Disabilities Act ("ADA") and violated his constitutional rights by subjecting him to malicious prosecution and defamation, and tampering with evidence. (Doc. No. 18 at 1-3.) Plaintiff has been granted *in forma pauperis* status (Doc. No. 24) and his Amended Complaint has been referred to me for screening.[1] (Doc. No. 23.)

**II.    PROCEDURAL HISTORY**

Plaintiff filed this action on July 15, 2015. (Doc. No. 2.) His initial Complaint consisted of two lengthy, separate documents (Doc. Nos. 2, 3) which, he contended, were to be read jointly. On August 5, 2015, I entered an Order directing Plaintiff to file a single Amended Complaint which

---

[1] While Plaintiff is not a prisoner, his complaint is still subject to screening under 28 U.S.C. § 1915(e)(2)(B). *See Bey v. Superior Protection, Inc.*, No. 4:08CV004191 JLH, 2009 U.S. Dist. LEXIS 33785, 2009 WL 1058054 (E.D. Ark. Apr. 20, 2009) ("Although many of the provisions in § 1915 specifically refer to and apply only to prison inmates, the language in § 1915(e)(2) does not distinguish between prisoner and non-prisoner complaints. Under this provision, the court must dismiss a complaint at any time it determines the claims raised are legally frivolous or malicious, fail to state a claim for relief or seek monetary relief against a defendant who is immune from damages."); *See also Zessin v. Nebraska Health & Human Services*, No. 807CV247, 2007 U.S. Dist. LEXIS 61858, 2007 WL 2406967 (D. Neb. Aug. 20, 2007)("[I]t is clear that 28 U.S.C. § 1915(e)(2)(B) authorizes dismissal of complaints filed *in forma pauperis* without regard to whether the plaintiff is a prisoner.").

stated all of his claims and which limited itself to a "short and plain statement" as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Plaintiff's Amended Complaint (Doc. No. 18) is a sixty-six page document which asserts twenty-two claims against fifteen defendants. (*Id*. at 65-66.) Given the clear requirement that allegations against multiple parties must arise from the same transaction or occurrence, I will consider only Plaintiff's ADA related claims.[2] *See* Fed. R. Civ. P. 20(a)(2). For the reasons stated below, each of the claims should be dismissed. Plaintiff should bring his unrelated claims in separate lawsuits.

### III.   ANALYSIS

#### A.   ADA Claims Stemming from Plaintiff's Criminal Charges

Plaintiff alleges Defendant Bradford initiated criminal charges against him in November 2011 in order to "coerce Plaintiff into ceasing and desisting his litigation practices."[3] (Doc. No. 18 at 8.) He contends that in September 2012, Bradford offered him a plea bargain which, among other things, stipulated Plaintiff would dismiss any pending *pro se* lawsuits and agree not to file any more while on probation. (*Id*. at 10.) Plaintiff argues these plea conditions render Defendant Bradford liable under Title V[4] and Title II of the ADA. I disagree. Plaintiff admits these plea stipulations were voluntarily withdrawn by Defendant Bradford without being accepted. (*Id*. at 11.) There is no indication that these stipulations affected further plea discussions. Plaintiff contends he suffered a "prolonged jeopardy of his liberty" merely by being offered these short-lived terms, but this amounts

---

[2]Even these claims do not arise from the same transaction or occurrence. Instead they involve various state proceedings and defendants. Given that Plaintiff has already paid a portion of the filing fee, however, I will evaluate each of the ADA claims.

[3]In his Amended Complaint, Plaintiff states these charges were formally brought because of alleged domestic battery. (Doc. No. 18 at 8.)

[4]Plaintiff refers to these claims as proceeding under "Section 503," a reference to Title V, § 503. (Doc. No. 18 at 1.)

3

to nothing more than the threat of an injury which ultimately did not come to pass. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (holding that standing under Article III requires a claimant to have suffered an injury that is "actual or imminent" rather than "conjectural or hypothetical") (internal quotations omitted).

Plaintiff's claims that the criminal charges were initially brought as part of a conspiracy to dissuade him from filing additional suits should also be dismissed. While he is not required to present direct evidence of a conspiracy at this early stage, he must still plead sufficient factual allegations which establish that the relevant defendants possessed a mutual understanding concerning the alleged misconduct. *See White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981). Moreover, the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly* generally requires all claimants to plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 ( 2007). Plaintiff has not met these standards. Instead, he vaguely alleges that Defendant Bradford "badgered" him during the proceedings, but given the adversarial nature of our justice system, this alone lends scant plausibility to his conspiracy claim. Plaintiff also fails to specify which parties or entities Defendant Bradford allegedly conspired with in bringing these criminal charges.

In light of the foregoing, I find that Plaintiff's vicarious liability claims against the State of Arkansas based on these same allegations should also be dismissed.

**B.    ADA Retaliation by Defendants James Goldie and David Stebbins**

Plaintiff states he initiated a civil action against Defendant David D. Stebbins some time after being released from pre-trial confinement. (Doc. No. 18 at 11.) Defendant Goldie represented Defendant Stebbins in that case and at some point in the fall of 2013, allegedly motioned to restrict Plaintiff's filing rights. (*Id*.) Plaintiff claims the motion was premised on his lengthy litigative

4

history, much of which involved ADA claims. (*Id*.) Now, he is suing both Defendant Stebbins and Goldie for retaliation under Title V of the ADA, specifically 42 U.S.C. § 12203(a).

First, it does not appear Plaintiff suffered any actual injury based on Defendant Stebbins' motion. He has not indicated whether the motion was granted and, if so, which restrictions directly resulted from it. Absent actual injury, Plaintiff lacks Article III standing to pursue this claim. Second, other courts have held that this retaliation provision does not provide for individual liability. *See Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2nd Cir. 2010); *see also Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("[T]he ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA."). Although the Eighth Circuit has not itself ruled on this issue, I believe this conclusion is consistent with the law that does exist in this circuit. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (concluding that Title II of the ADA does not provide for individual liability); *see also Ebersole v. Novo Nordisk, Inc.*, 2011 U.S. Dist. LEXIS 141031, 2011 WL 6115655, at *1-2 (E.D. Mo. Dec. 8, 2011) (declining to find individual liability under Title I of the ADA and reasoning that such a conclusion is consistent with the Eighth Circuit's Title VII holdings).

      **C.**     **ADA Claims against Judge Russell Rogers and Judge Brad Karren**

Plaintiff alleges that Judge Rogers was appointed as a special judge to one of his state court actions on October 7, 2014. (Doc. No. 18 at 11.) His claims against Judge Rogers amount to little more than complaints about the judicial decisions and holdings in that case. (*Id*. at 11- 16.) With respect to Judge Karren, Plaintiff similarly disagrees with the dismissal of his state court complaint and the decision to sanction him on August 4, 2015. (*Id*. at 26-27.) Plaintiff now contends that these decisions violated his rights under the ADA insofar as they were motivated by his history of ADA litigation. (*Id*. at 16, 26.)

As noted above, I recommend that Plaintiff not be allowed to proceed with any individual capacity claims which arise under the ADA's Title V retaliation provision. Individual claims under Title II should also be dismissed. *Alsbrook*, 184 F.3d 999 at 1005 n.8. Additionally, I conclude that both Defendants are protected by judicial immunity. Plaintiff has undertaken no small effort to persuade the Court that the United State Supreme Court's decision in *Tennessee v. Lane* abrogates judicial immunity with respect to ADA claims. 541 U.S. 509 (2004). It does not. The question of judicial immunity was never raised in *Tennessee v. Lane*. Petitioners sued the State of Tennessee and several of its counties for failing to provide wheelchair access to court facilities. *Id*. at 513-514. At issue was the question of whether the abrogation of sovereign immunity contained in Title II of the ADA exceeded the authority of Congress under section 5 of the Fourteenth Amendment. *Id*. at 513. Plaintiff claims that judicial immunity was implicitly abrogated by this decision because one of injuries suffered by a petitioner was being held in contempt of court. (Doc. No. 18 at 4.) This argument is flawed. The ADA evinces no intent to abrogate judicial immunity and the Supreme Court never raised or ruled on that issue. Plaintiff's argument that *Tennessee v. Lane* abrogates all immunity for violations of the ADA is insupportable.

I find that Judge Rogers and Judge Karren are protected from suit by judicial immunity. Their decisions in Plaintiff's state court suits were clearly judicial[5] in nature and made within the scope of their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (holding that judicial immunity is only overcome where the relevant actions were non-judicial or taken in the absence of all

---

[5]Plaintiff argues that Judge Karren's decision to sanction him was "administrative" rather than judicial. (Doc. No. 18 at 45.) This is a component of Plaintiff's section 1983 claim against Judge Karren, which I have declined to consider herein. I find that Judge Karren's decision to sanction Plaintiff was judicial in nature. *See In re Tyler*, 839 F.2d 1290, 1290-91, 1295 (8th Cir. 1988) (per curiam) (holding that a court has discretion to place filing restrictions on litigants who abuse the judicial process).

jurisdiction).

I also conclude that dismissal is appropriate for Plaintiff's claims against Defendants State of Arkansas, Arkansas Administrative Office of the Courts ("AAOC"), Jimm Hannah, and Donna Gay[6] which stem from these allegations. He appears to allege that the State of Arkansas and the AAOC should be held vicariously liable for the judicial decisions of Judge Rogers and Judge Karren. Plaintiff does not, however, allege the State of Arkansas or AAOC committed any wrongdoing other than employing these judges. As such, these claims should not proceed. To hold otherwise would allow claimants to skirt judicial immunity simply by bringing their suit against a judge's employer. *Mireles*, 502 U.S. 9 at 11 ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Put bluntly, it appears Plaintiff is attempting to contest judicial decisions he disagrees with by framing them as ADA violations.[7] To the extent Plaintiff believes that the decisions of Judge Rogers or Judge Karren were wrong or lacked an adequate legal foundation, his remedy lies in the state appeals process.

With respect to Defendants Hannah and Gay, Plaintiff alleges that both should be liable under the ADA for assigning Judges Rogers and Karren to his cases and failing to ensure either was "qualified." (Doc. No. 18 at 11-12, 26.) This claim is frivolous. There is no legal basis for holding

---

[6]Although no recusal request has been filed, I raise the issue sua sponte of whether I should recuse from hearing a case involving Defendant Donna Gay. Under 28 U.S.C. § 455(a), "[a]ny Justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The inquiry under § 455(a) is "one of objective reasonableness." *Lunde v. Helms*, 29 F.3d 367, 370 (8th Cir. 1994). The test for disqualification is whether a reasonable person with knowledge of the facts and circumstances might question a judge's impartiality. *Id*. Applying this test, it is clear that a reasonable person with knowledge of the facts and circumstances would not question my impartiality. Based on this, I do not see a need to recuse myself from this case.

[7]In his requested remedies, Plaintiff asks to be fully compensated for the monetary damages which he purportedly would have recovered absent the decisions of Judge Rogers and Judge Karren. (Doc. No. 18 at 57-58.)

either Defendant liable under the ADA for the independent decisions of Judges Rogers and Karren.

### D. Plaintiff's Remaining Claims

As noted above, I recommend that Plaintiff's remaining claims be dismissed for failing to arise out of the same transaction or occurrence. These claims are: (1) a malicious prosecution claim against Judge Rogers; (2) a defamation claim against Judge Rogers; (3) a section 1983 claim based on alleged ex parte communications between Defendants Stebbins, Goldie, and Williams; (4) a section 1983 claim against Judge Karren based on denial of access to the courts; (5) through (12) eight claims against various defendants for allegedly perjuring themselves during state court proceedings; (13) a claim against Defendant Williams for allegedly tampering with evidence during a state court proceeding; (14) a section 1983 claim against Judge Gordon Webb for censorship; and (15) a section 1983 claim against Judge Rogers, the City of Harrison, and Officers Turley, Applegate, and Waldon based on a "near-arrest" for exercising rights under the Fourth and Fifth Amendments. (Doc. No. 18 at 65-66.) None of these claims are sufficiently related to proceed in a single action, and Plaintiff should not be allowed to defeat filing fee requirements by joining multiple causes of action in one suit. I recommend they be dismissed without prejudice so that Plaintiff may pursue them in separate suits and in the appropriate venues.

### CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 18) be DISMISSED without prejudice.

2. Plaintiff's ADA claims be DISMISSED without prejudice for failure to state any claim upon which relief may be granted.

3. All other claims be DISMISSED without prejudice for failing to arise out of a single transaction or occurrence.

IT IS SO RECOMMENDED this 23rd day of September, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE