UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                    PLAINTIFF

VS                CASE NO. 4:15CV00436 JLH

JIMM HANNAH, DONNA GAY, STATE OF
ARKANSAS, ADMINISTRATIVE OFFICE OF
THE COURTS, RUSSELL ROGERS, DAVID D.
STEBBINS, JAMES GOLDIE, KRISTIE WILLIAMS,      DEFENDANTS
GORDON WEBB, BRAD KARREN, WES
BRADFORD, THE CITY OF HARRISON,
ROBERT TURLEY, JOSH APPLEGATE, &
ONE UNKNOWN-NAMED POLICE OFICER

### MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE FOR ADVISORY OPINION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for the Court to issue an advisory opinion for its order dismissing the above-styled action.

1. The Court issued only a single page order stating that the magistrate judge's recommendations were being adopted. Plaintiff submitted a 20-page objection to this recommendation, but the Court offered no explanation whatsoever as to specifically *why* the District Court felt that Plaintiff's objections were unfounded.

2. There is ample precedent in the 8th Circuit and U.S. Supreme Court which states that a failure to give an explanation behind its orders constitutes an automatic abuse of discretion, on the grounds that, if the appellate court does not know the reasoning behind the district court decision, appellate review becomes impossible.

    (a)     *US v. Burrell*, 622 F. 3d 961, 964 (8th Cir. 2010) (citing Kern v. TXO, which was cited by Plaintiff in his objection to the Report & Recommendation):

> "We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision.

>   …
>   It is impossible for us to ensure that the district court did not abuse its discretion if the [§ 3582] order shows only that the district court exercised its discretion rather than showing how it exercised that discretion.
>   … [A] district court must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing
>   …
>   In this case, we vacate and remand because the record does not allow us to discern how the district court exercised its discretion. The court did not identify any factors that it considered relevant in deciding to reduce Burrell's sentence and determining the extent of that reduction."

(b)  *Rayes v. Johnson*, 969 F. 2d 700, 704-705 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice … Under the totality of these circumstances, we conclude that the district court abused its discretion in denying Rayes' requests for substitute counsel. We therefore reverse and remand with directions to appoint counsel and grant a new trial")

(c)  *Slaughter v. City of Maplewood*, 731 F. 2d 587, 589 (8th Cir. 1984) ("Second, although we have jurisdiction to review the district court's denial of counsel, we nevertheless find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

(d)  *Foman v. Davis*, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

(e)  *Gulf Oil Co. v. Bernard*, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order").

(f)     *US v. Walters*, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("Accordingly, given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion in imposing special condition two and, thus, vacate that condition").

(g)     *Jarrett v. ERC Properties, Inc.*, 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion in refusing to award Jarrett $11,970.08 in liquidated damages").

(h)     *Thongvanh v. Thalacker*, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored.")

(i)     *Purcell v. Gonzalez*, 549 US 1, 8 (2006) ("There has been no explanation given by the Court of Appeals showing the ruling and findings of the District Court to be incorrect. In view of ... our conclusion regarding the Court of Appeals' issuance of the order we vacate the order of the Court of Appeals")

(j)     *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty.*, 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected.")

(k)     *United States v. Grinnell Corp.*, 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it")

(l)     *Delaware v. Van Arsdall*, 475 US 673, 680 (1986) ("In so doing, it offered no

explanation why the Chapman harmless-error standard, which we have applied in other Confrontation Clause cases, is inapplicable here. We find respondent's efforts to defend the automatic reversal rule unconvincing")

3. In light of this overwhelming amount of precedent, Plaintiff asks the Court to clarify the following things about its order:

(a) Why was Plaintiff's plea that the entire complaint should be construed to allege a giant pattern of retaliation, unpersuasive?

(b) Why is Plaintiff's reliance on the binding precedent of *Tennessee v. Lane* misplaced, both as it applies to judges AND the State of Arkansas?

(c) How, exactly, did Plaintiff fail to state a claim on his ADA claims? This includes an explanation as to …

i. … why Plaintiff's citation of *Bantam Books, Inc. v. Sullivan* misplaced?

ii. … why the factual allegations concerning Brad Karren's acts taken in the complete absence of all jurisdiction are insufficient to show a plausible claim of retaliation?

iii. … Why Goldie's actions are not cognizable under Title II of the Americans with Disabilities Act?

(d) Why is Plaintiff's claims against Williams (and, by proxy, against Goldie and David D. Stebbins) should not remain in this case, even if they are the last ones to stay?

4. The last one is important, because Appellant has already paid a very large bond in this case. Therefore, he should be allowed to have his day in court on any claims that are properly before the Court.

5. If the Court cannot provide any grounds for why Plaintiff's objections are without merit,

then Plaintiff asks that it reverse its decision and allow Plaintiff his day in court.

6. This court has committed a gross abuse of discretion and it needs to correct its mistake.

So requested on this, the 19th day of October, 2015.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com