**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DAVID A. STEBBINS                                                                                       PLAINTIFF

v.                                                  No. 4:15CV00436 JLH

JIMM HANNAH; et al.                                                                                 DEFENDANTS

**ORDER**

David A. Stebbins has filed a motion for reconsideration or in the alternative for advisory opinion. Stebbins points out that the Court issued a single-page order stating that the Magistrate Judge's recommendations were adopted and did not address his objections to the recommendations. Stebbins contends that this was an abuse of discretion for the Court to give no explanation for its decision. The cases upon which he relies, however, are cases in which there was no explanation for the district court's determination. Here, the Magistrate Judge's recommendation constitutes the findings and disposition of the Court, so there is a written explanation of the rationale for concluding that Stebbins failed to state a claim upon which relief could be granted. When the Court adopts the proposed findings and recommended disposition of a magistrate judge, the Court typically does not issue a second opinion explaining the reasons for the decision, just as the courts of appeal often will affirm a decision without writing an opinion. *See* Eighth Circuit Rule 47B. Stebbins' motion for reconsideration or in the alternative for advisory opinion is DENIED. Document #30.

Stebbins has also filed a motion for reimbursement of the $200 bond that he was required to post. Stebbins says that the magistrate judge assured him that if the case ended without him committing any violations of Rule 11 the bond would be refunded. That is not what the order says. The order says that if the claims survive mandated screening, the bond would be returned at the

conclusion of the case.  Document #6 at 3.  The motion for reimbursement of bond is DENIED.  Document #32.

Finally, Stebbins has moved for appointment of counsel.  Document #31.  He has requested appointment of counsel who is familiar with his particular disability.  Stebbins recognizes that this action has been dismissed without prejudice and says he intends to re-file it.  He asks the Court to appoint counsel so that he can have assistance in re-filing the claim.  It is not the practice of the Court to appoint counsel in civil cases that appear to be frivolous, as this one appears to be, nor is it the practice of this Court to appoint counsel in a civil case that has not yet been filed.  While the Court will not appoint counsel, the Court will call to Stebbins' attention that he might inquire at Disability Rights Arkansas, 1100 North University, Suite 201, Little Rock, Arkansas 72207.

IT IS SO ORDERED this 29th day of October, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE